## MILWAUKEE MECHANICS' INS. CO. v. QUESTA et al.

No. 10360.

Circuit Court of Appeals, Ninth Circuit.

Sept. 17, 1943.

Percy V. Long, Bert W. Levit, and William H. Levit, all of San Francisco, Cal. (Long & Levit, of San Francisco, Cal., and Hawkins, Rhodes & Hawkins, of Reno, Nev., of counsel), for appellant.

William S. Boyle, of Reno, Nev., for appellee.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellees, Silvo Questa and Jennie Questa, citizens of Nevada, were the owners of a ranch called the Glendale Ranch in Washoe County, Nevada, and of a large barn situated thereon. The barn was destroyed by fire on September 20, 1941. Thereafter appellees presented a proof of loss to appellant, Milwaukee Mechanics' Insurance Company, a Wisconsin corporation doing business in Nevada, and demanded that appellant pay them $7,500. Payment being refused, appellees brought an action against appellant in the District Court of the United States for the District of Nevada. The complaint alleged:

"That on the 1st day of August, A. D. 1941, Silvo Questa for plaintiffs [appellees] applied to Frank Hassett, Esq., who was then and there the duly authorized agent of the defendant [appellant], for insurance in the sum of Seventy-Five Hundred Dollars ($7,500) against loss or damage by fire upon a large barn situated on the Glendale Ranch in Washoe County, Nevada, the property of the said plaintiffs, and the defendant, by their said agent, in consideration of the premises, which was to be the same rate as all other insurance held by plaintiffs with defendant to be paid defendant by plaintiffs, agreed to insure the plaintiffs on the said large barn on plaintiffs' Glendale Ranch from the 1st day of August, A. D. 1941, for a space of three years and to execute and deliver to plaintiffs within a reasonable and convenient time their policy of insurance therefor in the usual form of policy issued by them insuring said plaintiffs' barn for the sum of Seventy-Five

Hundred Dollars ($7,500) against loss and damage by fire. * * *

"That the defendant neglected and refused and still refuses to execute their said policy of insurance in writing to the plaintiffs in pursuance to said agreement."

The complaint prayed that appellees have judgment requiring appellant to "deliver its policy of insurance to the plaintiffs [appellees] in the sum of Seventy-Five Hundred Dollars ($7,500) on that certain large barn which was situate on the Glendale Ranch of plaintiffs"; declaring that appellees "are entitled to the sum of Seventy-five Hundred Dollars ($7,500) provided for in said policy"; and "for all other proper relief in the premises to which they may be entitled."

Answering, appellant admitted that Frank Hassett was its duly authorized agent, admitted that it refused to execute and deliver a policy of insurance to appellees, and denied the other allegations quoted above. Thus appellant denied that it made the agreement described in the complaint. The case was tried by the court without a jury. The court did not find that appellant made the agreement described in the complaint. Instead, the court found: "That on the 1st day of August, A. D. 1941, Silvo Questa for plaintiffs [appellees] applied to Frank Hassett, who was then and there the duly authorized agent of the defendant [appellant], for insurance in the sum of four thousand dollars against loss or damage by fire upon a large barn situated on the Glendale Ranch in Washoe County, Nevada, the property of said plaintiffs, and the defendant, by their said agent, in consideration of the premises, which was to be the same rate as all other insurance held by plaintiffs with defendant to be paid defendant by plaintiffs, agreed to insure the plaintiffs on the said large barn on plaintiffs' Glendale Ranch from the 1st day of August, A. D. 1941, for a space of three years and to execute and deliver to plaintiffs within a reasonable and convenient time their policy of insurance therefor in the usual form of policy issued by them insuring said plaintiffs' barn for the sum of four thousand dollars against loss and damage by fire."

The court concluded: "That an oral contract of fire insurance existed upon plaintiffs' [appellees'] barn which was later destroyed by fire, and that the amount of insurance at that time covered by such oral contract was a sum not less than four thousand dollars." Accordingly, the court entered judgment in appellees' favor for $4,000. From that judgment this appeal is prosecuted.

The judgment is based on the above-quoted conclusion, which, in turn, is based on the above-quoted finding. The finding is clearly erroneous. Appellees did not allege, prove or attempt to prove that appellant made the agreement described in the finding. There is no evidence of any such agreement.

Judgment reversed.