## MILWAUKEE MECHANICS' INS. CO. v. QUESTA et al.

### No. 11101.

Circuit Court of Appeals, Ninth Circuit.

April 26, 1946.

Percy V. Long and Bert W. Levit, both of San Francisco, Cal., and William H. Levit, of Los Angeles, Cal. (Long & Levit, of San Francisco, Cal., and Hawkins, Rhodes & Hawkins, of Reno, Nev., of counsel), for appellant.

William S. Boyle, of Reno, Nev., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Silvo Questa and Jennie Questa, hereinafter called plaintiffs, were the owners of a ranch called the Glendale Ranch in Washoe County, Nevada, and of a large barn situated thereon. The barn was destroyed by fire on September 20, 1941. Thereafter plaintiffs presented a proof of loss to Milwaukee Mechanics' Insurance Company, a Wisconsin corporation, hereinafter called defendant, and demanded that defendant pay them $7,500. Payment being refused, plaintiffs brought an action against defendant in the District Court of the United States for the District of Nevada. In that action plaintiffs obtained judgment against defendant. We reversed that judgment [1] and remanded the case to the District Court. Thereafter plaintiffs filed an amended complaint, hereinafter called the complaint. The complaint alleged:

"That on the 1st day of August, A.D. 1941, Silvo Questa for plaintiffs applied to Frank Hassett, Esq., who was then and there the duly authorized agent of the defendant, for insurance in the sum of Seventy-Five Hundred Dollars ($7,500) against loss or damage by fire upon a large barn situate on the Glendale Ranch in Washoe County, Nevada, the property of the said plaintiffs, and the defendant by their said agent, in consideration of the premises, which was to be the same rate as all other insurance held by plaintiffs with defendant to be paid defendant by plaintiffs, agreed to insure the plaintiffs on the said large barn on plaintiffs' Glendale Ranch from the 1st day of August, A.D. 1941, for a space of three years and to execute and deliver to plaintiffs within a reasonable and convenient time their policy of insurance therefor in the usual form of policy issued by them insuring said plaintiffs' barn for the sum of Seventy-Five Hundred Dollars ($7,500) against loss and damage by fire. * * *

"That the defendant neglected and refused and still refuses to execute their said policy of insurance in writing to the plaintiffs in pursuance to said agreement."

The complaint prayed that plaintiffs have judgment requiring defendant to "deliver its policy of insurance to the plaintiffs in the sum of Seventy-Five Hundred Dollars ($7,500) on that certain large barn which was situate on the Glendale Ranch of plain-

---

[1] Milwaukee Mechanics' Ins. Co. v. Questa, 9 Cir., 137 F.2d 942.

tiffs;" declaring that "plaintiffs are entitled to the sum of Seventy-Five Hundred Dollars ($7,500);" and their costs.

Answering the complaint defendant admitted that Frank Hassett was its duly authorized agent, admitted that it refused to execute and deliver a policy of insurance to plaintiffs, and denied the other allegations quoted above. The case was tried by the court without a jury. The court found:

"That on the 1st day of August, A.D. 1941, Silvo Questa, for plaintiffs, applied to Frank Hassett, Esq., who was then and there the duly authorized agent of the defendant, for insurance in the sum of Seventy-Five Hundred Dollars ($7,500) against loss or damage by fire, subject to modification of said amount if defendant subsequently appraised the property at a lower figure. The plaintiffs applied for insurance as aforesaid upon a large barn situated on the Glendale Ranch in Washoe County, Nevada, the property of the said plaintiffs, and the defendant, by their said agent, in consideration of the premises, which was to be the same rate as all other insurance held by plaintiffs with the defendant to be paid defendant by plaintiffs, agreed to insure the plaintiffs on the said large barn on plaintiffs' Glendale Ranch from the 1st day of August, A.D. 1941, for a space of three years, and to execute and deliver to plaintiffs within a reasonable and convenient time their policy of insurance therefor in the usual form of policy issued by them insuring said plaintiffs' barn for the sum of Seven Thousand Five Hundred Dollars ($7,500) against loss and damage by fire."

The court found that defendant never made the appraisement mentioned; that the actual cash value of the barn at the time of its destruction was in excess of $10,000; and that the damage sustained by plaintiffs by reason of its destruction was $4,200.

The court concluded that an oral contract of fire insurance on plaintiffs' barn existed at the time of its destruction; that the amount of insurance covered thereby was not less than $7,500; that defendant was bound, as if it had issued a policy, to pay the actual loss, not exceeding $7,500; and that plaintiffs were entitled to recover of defendant $4,200. Judgment for that amount was accordingly entered. Defendant has appealed.[2]

Defendant contends that "There is a fatal variance between the contract pleaded as the basis of recovery and the contract found as the basis of the judgment." There is no merit in this contention. The contract pleaded as the basis of recovery was the agreement described in the complaint. The contract found as the basis of the judgment was the agreement described in the findings. The agreement described in the complaint and the agreement described in the findings were one and the same.

Defendant's brief states that, "Contrary to the allegations of the complaint, the trial court found * * * an oral contract in the amount of $7,500 'subject to modification of said amount if defendant subsequently appraised the property at a lower figure.'" The statement is incorrect. As indicated above, the complaint alleged and the trial court found that defendant agreed to insure plaintiffs' barn for $7,500. The complaint did not allege that the amount of such insurance was or was not subject to modification. Therefore a finding that the amount was subject to modification "if defendant subsequently appraised the property at a lower figure" was not contrary to the allegations of the complaint.

Defendant contends that the findings are clearly erroneous, that the findings and conclusions do not support the judgment, and that the judgment is ambiguous and uncertain. There is no merit in these contentions. The findings are supported by substantial evidence and are not clearly erroneous. The judgment is supported by the findings and conclusions and is not ambiguous or uncertain.

Judgment affirmed.

---

[2] After the appeal was taken, Silvo Questa died, and his administrator, Donald Questa, was substituted as a party in his place and stead.